{¶ 23} I respectfully dissent from the majority opinion in that I find that the lower court clearly made the required findings under both R.C. 2929.14(E) and R.C. 2929.19(B)(2)(c) and stated its reasons for imposing consecutive sentences on the record. "The trial court need not use the exact words of the statute, however, it must be clear from the record that the trial court made the required findings. State v.Stribling (Dec. 10, 1998), Cuyahoga App. No. 74715, unreported; State v.Veras, 1999 Ohio App. Lexis 3229 (Jul. 8, 1999), Cuyahoga App. No. 74416, 74466, unreported." State v. Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759.
 {¶ 24} "An appellate court may not disturb any imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence `which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus." State v. Eberle (Feb. 20, 2001), Butler Cty. No. CA99-12-209.
 {¶ 25} The trial court clearly fulfilled the necessary requirements of R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c) and stated its findings on the record clearly and unequivocally. I would, therefore, affirm the appellant's sentence.